UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUN VALLEY JUICE CO., ) <br> a corporation, and ) <br> JOHN R. SCHERER, and ) <br> WILLIAM JEREMY SCHERER, ) <br> individuals, ) <br> ) <br> Defendants. ) <br> _____) | Civil No. 06-222-S-EJL <br><br> CONSENT DECREE OF <br> <u>PERMANENT INJUNCTION</u> |

Plaintiff, the United States of America, by its undersigned attorneys, having filed a Complaint for Permanent Injunction against Sun Valley Juice Co. ("Sun Valley"), a corporation, and John R. Scherer and William Jeremy Scherer, individuals (collectively, "Defendants"), and Defendants having appeared and having consented to the entry of this Consent Decree of Permanent Injunction (the "Decree"), and the United States of America having consented to this Decree;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter and over all parties to this action.

2. The Complaint for Permanent Injunction states a cause of action against Defendants under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-397 ("the Act").

3. The complaint alleges that Defendants violate the Act, 21 U.S.C. § 331(k), by causing articles of food within the meaning of 21 U.S.C. § 321(f), namely unpasteurized, fresh-squeezed, orange and grapefruit juices ("juice"), to become adulterated within the meaning of 21 U.S.C. § 342(a)(4), after shipment in interstate commerce, in that the juice has

CONSENT DECREE OF PERMANENT INJUNCTION - 1

been prepared, packed, or held under insanitary conditions whereby it may have been rendered injurious to health.

4. Defendants and each and all of their officers, agents, employees, attorneys, and any persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates, and partnerships) who receive actual notice of this Decree, are hereby permanently restrained and enjoined, under the provisions of 21 U.S.C. § 332(a) and the inherent equitable authority of this Court, from receiving, processing, preparing, packing, holding, or distributing juice, at or from Defendants' juice processing plant located at 101 North Clear Creek Road, Number 3, Ketchum, Idaho, and at or from any other locations at which Defendants may receive, process, prepare, pack, hold, or distribute juice, unless and until:

  A. Defendants retain, at Defendants' expense, an independent person or persons (the "expert"), who by reason of background, education, training, and experience, is qualified to develop and implement a Hazard Analysis Critical Control Point ("HACCP") plan for juice. The expert shall be without personal or financial ties (other than the consulting agreement between the parties) to Defendants or their immediate families. Defendants shall notify the United States Food and Drug Administration ("FDA") in writing of the identity of the expert as soon as they retain such expert;

  B. The expert submits a written HACCP plan to FDA with the expert's certification that the plan is appropriate for the processing of unpasteurized, fresh-squeezed, orange and grapefruit juices;

  C. FDA has approved, in writing, the HACCP plan certified by the expert;

  D. Defendants establish and implement to FDA's satisfaction the written HACCP plan, certified by the expert and approved in writing by FDA, that is adequate to control food safety hazards likely to occur in the processing of juice, as required by 21 C.F.R. §§ 120.7 and 120.8;

E.  Defendants have the expert validate and certify in writing to FDA that the control measures in Defendants' HACCP plan are adequate to consistently produce, at a minimum, a 5-log reduction in *Salmonella* species, as required by 21 C.F.R. § 120.24;

F.  Defendants ensure that their unpasteurized, finished juice products are analyzed for biotype I *Escherichia coli* ("*E. coli*") in accordance with the frequency and methods of analysis proscribed in 21 C.F.R. § 120.25;

G.  Defendants implement a Sanitation Standard Operation Procedure ("SSOP"), certified by the expert and approved in writing by FDA, that ensures that sanitation conditions and practices are monitored and documented before, during, and after juice processing, as required under 21 C.F.R. § 120.6;

H.  Defendants assign the responsibility for implementing and monitoring the HACCP plan to an employee who has successfully completed training in the application of HACCP principles to juice processing ("HACCP training"), as required by 21 C.F.R. § 120.13;

I.  Defendants, under FDA supervision, according to procedures approved by FDA, and as and when directed by FDA, destroy or bring into compliance with the Act all juice in the plant at the time this Decree is signed;

J.  FDA, at its discretion, has inspected the plant, including all records relating to the receipt, processing, preparation, packing, holding, or distribution of juice.  If FDA commences an inspection, it shall occur within 14 days after receiving written notification from Defendants that they believe themselves to be in compliance with all of the requirements specified in Paragraph 4(A)-(I) of this Decree; and

K.  FDA has notified Defendants, in writing, that the processes and controls used for the receipt, processing, preparation, packing, holding, or distribution of juice appear to be in compliance with all of the requirements specified in Paragraph 4(A)-(J) of this Decree, the Act, and 21 C.F.R. Part 120.  And, if such notification is based upon one or more FDA inspections, Defendants have paid for such inspection(s) and other work at the rates specified in Paragraph 10.

CONSENT DECREE OF PERMANENT INJUNCTION - 3

5. As part of this settlement agreement, Defendants represent to this Court and to FDA that, as of the date of the signing of this Decree, they are no longer processing, preparing, or packing juice, and that they intend to sell or lease their juice processing equipment to the S&G Produce Company, Inc. ("S&G") located at 520 Locust Street South, Twin Falls, Idaho. Defendants further represent that they intend to distribute juice that is processed, prepared, and packaged by S&G. So long as Defendants elect to receive, hold, and distribute juice that is processed, prepared, and packaged by S&G or by another person or entity (the "supplier"), Paragraph 4(A)-(H) and (J)-(K) and Paragraph 9 of this Decree shall not apply to Defendants, provided that:

    A. The supplier is not directly or indirectly owned, controlled, or operated by Defendants, and the supplier is without personal or financial ties (other than a juice distribution agreement or a lease, purchase, or security agreement for Defendants' juice processing equipment) to Defendants or their immediate families;

    B. At least 30 days prior to commencing any distribution under the terms of this Paragraph, or prior to distributing juice obtained from any additional supplier, Defendants give FDA written notification of their intention to distribute juice that is processed, prepared, and packaged by the supplier, and Defendants provide FDA with a copy of any proposed labeling for the juice as well as the name and address of the proposed supplier;

    C. FDA notifies Defendants, in writing, that they may commence operations under the terms of this Paragraph;

    D. The juice that Defendants receive, hold, or distribute is packaged into sealed containers by the supplier and Defendants do not open, repackage, or in any other way compromise the integrity of the sealed containers;

    E. The juice that Defendants receive, hold, or distribute has been processed, prepared, and packaged by the supplier in accordance with the juice HACCP requirements. If FDA determines that Defendants' supplier is processing, preparing, or packaging juice in a manner that does not comply with these requirements, FDA may order Defendants in

CONSENT DECREE OF PERMANENT INJUNCTION - 4

writing to immediately cease receiving, holding, and distributing juice obtained from that supplier.  In addition, Defendants shall, as and when FDA deems necessary, recall all juice from that supplier that has been distributed or is under the custody and control of Defendants' agents, distributors, customers, or consumers.  The costs of all such recall(s) and corrective actions shall be borne by Defendants; and

F. In the event that the Defendants decide to commence processing, preparing, and packing juice, they must give 30-days written notice to FDA of their intent to do so; and, before commencing juice processing operations, Defendants must receive written notification from FDA they are in compliance with all of the requirements specified in Paragraph 4(A)-(J) of this Decree.

6. After Defendants receive written notification from FDA pursuant to Paragraph 4(K) of this Decree, or after Defendants receive written notification from FDA pursuant to Paragraph 5(C) of this Decree, Defendants and each and all of their officers, agents, employees, attorneys, and any persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates, and partnerships) who receive actual notice of this Decree, are permanently restrained and enjoined from:

(A) directly or indirectly doing or causing any article of food, within the meaning of 21 U.S.C. § 321(f), to become adulterated, within the meaning of 21 U.S.C. § 342(a)(4), while such food is held for sale after shipment in interstate commerce; and

(B) failing to implement and continuously maintain the requirements of this Decree.

7. Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to make inspections of Defendants' plant at its current location or at any new locations, and, without prior notice, take any other measures necessary to monitor and ensure continuing compliance with the terms of this Decree.  Such inspections may, at FDA's discretion, include, but are not limited to, taking photographs and samples and examining and copying all records that relate to the receipt, processing, preparation, packing, holding, or distribution of juice.  Such inspections shall be permitted upon presentation of

a copy of this Decree and appropriate credentials.  The inspection authority granted by this Decree is apart from, and in addition to, the authority to conduct inspections under the Act, 21 U.S.C. § 374.

8. Defendants shall promptly provide any information or records to FDA, upon request, regarding the receipt, processing, preparation, packing, holding, or distribution of juice.

9. Defendants shall maintain a copy of their HACCP plan and all records required by their HACCP plan and 21 C.F.R. Part 120 at the plant in a location where they are readily available for reference and inspection by FDA representatives.  All records required to be kept by the HACCP plan and by regulation shall be retained for at least three (3) years after the date they are prepared and shall be presented immediately to FDA investigators upon request.

10. Defendants shall reimburse FDA for the costs of all FDA inspections, investigations, supervision, reviews, examinations, and analyses that FDA deems necessary to evaluate Defendants' compliance with this Decree.  The costs of such inspections shall be borne by Defendants at the prevailing rates in effect at the time the costs are incurred.  As of the date that this Decree is signed by the parties, these rates are:  $76.10 per hour and fraction thereof per representative for inspection work; $91.18 per hour or fraction thereof per representative for analytical or review work; $0.485 per mile for travel expenses by automobile; government rate or the equivalent for travel by air or other means; and the published government per diem rate or the equivalent for the areas in which the inspections are performed per day, per representative for subsistence expenses, where necessary.  In the event that the standard rates applicable to FDA supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of this Court.

11. If any Defendant violates this Decree and is thus found in civil or criminal contempt, that Defendant shall, in addition to other remedies, reimburse Plaintiff for its attorney fees (including overhead), investigational expenses, expert witness fees, and court costs relating to such contempt proceedings.

CONSENT DECREE OF PERMANENT INJUNCTION - 6

12. If, at any time after this Decree has been entered, FDA determines, based on the results of an inspection, the analyses of samples, a report or data submitted by Defendants or the expert, or any other information, that Defendants have failed to comply with any provision of this Decree, or have violated the Act or its implementing regulations, or that additional corrective actions are necessary to achieve compliance with this Decree, the Act, or its implementing regulations, FDA may, as and when it deems necessary, order Defendants in writing to immediately cease receiving, processing, preparing, packing, holding, and distributing juice. In addition, Defendants shall, as and when FDA deems necessary, recall all articles of food that have been distributed or are under the custody and control of Defendants' agents, distributors, customers, or consumers. All costs of such recall(s) and corrective actions shall be borne by Defendants. The costs of FDA inspections, sampling, testing, travel time, and subsistence expenses to implement the remedies set forth in this paragraph shall be borne by Defendants at the rates specified in Paragraph 10.

13. Any cessation of operations as described in Paragraph 12 shall continue until Defendants receive written notification from FDA that Defendants appear to be in compliance with the Act, its implementing regulations, and this Decree.

14. Within ten (10) calendar days after the entry of this Decree, Defendants shall provide a copy of the Decree, by personal service or by certified mail, return receipt requested, to each and all of Defendants' officers, agents, employees, attorneys, and any persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates, and partnerships). Within thirty (30) calendar days of the date of entry of this Decree, Defendants shall provide to FDA an affidavit of compliance stating the fact and manner of compliance with the provisions of this paragraph and identifying the names and positions of all persons who have received a copy of this Decree.

15. Defendants shall notify FDA in writing at least fifteen (15) calendar days before any change in ownership, name, or character of their business that occurs after entry of this Decree, including: a reorganization, relocation, dissolution, assignment, or sale resulting in the emergence of a successor entity or corporation; the creation or dissolution of subsidiaries

CONSENT DECREE OF PERMANENT INJUNCTION - 7

or any other change in the corporate structure or identity of Sun Valley Juice Co., or any other current or future juice processing business of Defendants'; or the sale or assignment of any business assets, such as buildings, equipment, or inventory that may affect compliance with this Decree. Defendants shall provide a copy of this Decree to any prospective successor or assignee at least thirty (30) calendar days prior to such sale or change of business. Defendants shall furnish FDA with an affidavit of compliance with this paragraph no later than ten (10) calendar days prior to such sale or change of business.

16. All notifications, correspondence, and communications to FDA required by the terms of this Decree shall be submitted to the Director, FDA Seattle District Office, 22201 23rd Drive, SE, Bothell, Washington 98021.

17. Defendants shall abide by the decisions of FDA, which decisions shall be final. When contested by Defendants, FDA decisions under this Decree shall be reviewed by the Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). Review shall be based exclusively on the written record that was before FDA at the time the decision was made. No discovery shall be taken by either party.

18. This Court retains jurisdiction of this action for the purpose of enforcing or modifying this Decree and for the purpose of granting such additional relief as may be necessary or appropriate.

SO ORDERED:

DATED: **June 6, 2006**

_____
Honorable Edward J. Lodge
U. S. District Judge

Submitted by
Warren S. Derbidge
Assistant U.S. Attorney No. 1214
Attorney for Office of Consumer Litigation, Department of Justice

CONSENT DECREE OF PERMANENT INJUNCTION - 8

We hereby consent to the entry of the foregoing Decree.

| For Defendants: | For Plaintiff: |
|---|---|
| /s/_____<br>John R. Scherer<br>as an individual and as<br>President on behalf of<br>Sun Valley Juice Co. | /s/_____<br>Lauren E. Hash<br>Office of Consumer Litigation<br>Department of Justice<br>P.O. Box 386<br>Washington, DC 20004<br>(202) 353-1991 |
| /s/_____<br>William Jeremy Scherer<br>as an individual and as<br>Secretary on behalf of<br>Sun Valley Juice Co. | OF COUNSEL:<br>Paula M. Stannard<br>Acting General Counsel<br><br>Sheldon T. Bradshaw<br>Chief Counsel |
| /s/_____<br>Albert P. Barker ISB# 2867<br>Attorney for Sun Valley<br>Juice Co. and all individuals<br>Barker Rosholt & Simpson LLP<br>PO Box 2139<br>Boise, Idaho 83701-2139<br>(208) 336-0700 | Food and Drug Division<br><br>Eric M. Blumberg<br>Deputy Chief Counsel for<br>Litigation<br><br>Jennifer Zachary<br>Trial Attorney<br><br>United States Department of<br>Health and Human Services<br>Office of the General Counsel<br>5600 Fishers Lane, GCF-1<br>Rockville, MD 20857<br>(301) 827-9572 |

CONSENT DECREE OF PERMANENT INJUNCTION - 9